IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
*************************************************************************
 IN RE:                          :   CHAPTER 13
LORI ANN UHER                    :
a/k/a Lori A. Uher               :
a/k/a Loria Uher                 :
a/k/a Lori A. Vaughn             :   CASE NO. 5-16-00405
         Debtor                  :
*************************************************************************
LORI ANN UHER                    :   Adv. No.
               Plaintiffs        :
   vs.                           :
                                 :
MIDLAND FUNDING, LLC             :
    and                          :
CHARLES J. DEHART, III           :
                                 :
               Defendants
*************************************************************************
```

COMPLAINT TO DETERMINE THE VALIDITY AND EXTENT OF JUDGMENT LIEN
UNDER 11 U.S.C. SECTION 506(d) AND 11 U.S.C. SECTION 1322 (b)(2)
*************************************************************************

AND NOW COMES, Lori Ann Uher, by and through her counsel, Tullio DeLuca, Esq., and files this Complaint and states the following:

1. On February 2, 2016, Lori Ann Uher, (hereinafter "Plaintiff/ Debtor") filed a petition under Chapter 13 Title 11, U.S. Code in the United States Bankruptcy Court for the Middle District of Pennsylvania.

2. Charles J. DeHart, III, Esquire was appointed the standing Chapter 13 Trustee in the above case.

3. Defendant is Midland Funding, LLC, with a mailing address of 8875 Aero Dr., Suite 20, San Diego, CA 92123, a judgment creditor of the Debtor at the time of the filing of the Chapter 13 Bankruptcy Petition.

4. This Court has jurisdiction under 28 U.S.C. Section 1334 and 28 U.S.C. Section 157.

5. This is an action under 11 U.S.C. Section 506(d) and 11 U.S.C. Section 1322(b)(2) to determine the validity and extent of Defendant's secured claim against Debtor's real property.

6. An action to determine the validity, extent and priority of a lien is a core proceeding under 28 U.S.C. Section 157(b)(K) which a bankruptcy judge may issue final order on. See In re Szerwinski, 2011 WL 2552012 (Bankr. N.D. Ohio June 27, 2011) (concluding, without analysis, that action by trustee to avoid a lien pursuant to 11 U.S.C. § 544 is within the court's constitutional authority); In re Hudson, 2011 WL 3583278 (Bankr. W.D. Mich. Aug. 16, 2011) (acknowledging that lien avoidance action under 11 U.S.C. § 544 involved issues of state law, court nonetheless said that it "cannot envision a core proceeding that is more 'core' than lien avoidance"); In re Salander O'Reilly Galleries, 2011 WL 2837494 (Bankr. S.D.N.Y. July 18, 2011) (bankruptcy court could enter final order on trustee's suit to determine consignor's rights in consigned goods under 11 U.S.C. § 544); In re Bigler LP, 2011 WL 3665007 (Bankr. S.D. Tex. Aug. 19, 2011) (while lien priority dispute implicated issues of state law, bankruptcy court could enter final ruling in same without need to obtain parties' consent)

7. When the Debtor filed her Chapter 13 Bankruptcy Petition, the Debtor was the fee simple owners of real estate located at 1032 Fisk St., Scranton, PA 18509 (hereinafter "the property").

8. The Debtor believes, and therefore aver, that the present market value of the real property at 1032 Fisk St., Pennsylvania 18509 is $112,000.00

9. Fairway Consumer Discount Co. retains a first mortgage lien against the property with a balance of $21,644.00 as of the petition date.

10. Robert and Judith Watkins retains a second mortgage lien against the property with a balance of $98,966.00 as of the petition date.

11. Defendant, Midland Funding, LLC entered judgment in the Lackawanna County Court of Common Pleas, docketed at Civil Case No. 2013-CV-05387 in the amount of $13,971.86 against Debtor.

12. As such, Midland Funding, LLC's judicial lien in Lackawanna County Court of Common Pleas to docket number 2013-CV-05837 in the amount of $13,971.86 is subject to being avoided in its entirety pursuant to 11 U.S.C. Section 506(d).

13. Therefore, Defendant's judicial lien in Lackawanna County Court of Common Pleas to docket number 2013-CV-05837 in the amount of $13,971.86 is subject to being avoided in its entirety pursuant to 11 U.S.C. Section 506 as the fair market value of the property is less than the first mortgage on the property.

WHEREFORE Debtor, Lori Ann Uher, prays the Court enter an Order approving the avoidance of the judgment against the Debtors in Lackawanna County Court of Common Pleas to docket number 2013-CV-05837 in the amount of $13,971.86 in its entirety, as the value of the property is less than the balance of the first and second mortgage.

Respectfully Submitted,

/s/Tullio DeLuca
Tullio DeLuca, Esquire
PA ID #59887
Counsel for Plaintiff
381 North 9th Avenue
Scranton, PA 18504
(570)347-7764

Dated: June 7, 2018